## CIRCUIT COURT OF CHARLES CITY COUNTY

Commonwealth of Virginia

    v.

Mary Gayle Holden

January 30, 1990

BY JUDGE WILLIAM L. PERSON, JR.

The Defendant, Mary Gayle Holden, is before the court on her motion to dismiss two indictments returned against her by the Charles City County Grand Jury, charging her with bribery of a public servant in violation of Va. Code Ann. § 18.2–447 and conspiracy to rig a bid in violation of Va. Code Ann. § 59.1-68.7. The Court has carefully considered counsels' briefs and the oral arguments heard on December 4, 1989.

Defendant moves to dismiss the bribery indictment claiming that she is immune from prosecution or conviction under the bribery article as set forth in Va. Code Ann. § 18.2–450. Under the clear language of the statute, Holden's testimony in the Davis trial granted her automatic immunity from prosecution for the bribery offense. Va. Code Ann. § 18.2–450 is absolutely clear on this point, and no "equitable principal of fairness" dictates that the statute not apply in this case. The fact that the Commonwealth failed to consider the immunity provision of the statute during plea negotiations does not prevent the defendant from relying on this immunity, which she never waived, expressly or impliedly. The motion of Defendant is therefore granted, and the bribery indictment under Va. Code Ann. § 18.2–447 is therefore dismissed.

Defendant moves that her conspiracy indictment under Va. Code Ann. § 59.1–68.7 be dismissed on two grounds. First, she asserts that the indictment and the Commonwealth's Bill of Particulars fail to

allege an offense as defined by § 59.1–68.7 and that the conduct with which she is charged does not constitute a crime under the statute. Secondly, Defendant argues that it is impossible for her to have conspired with any of her alleged co-conspirators because of the acquittal of Robert Davis in the first trial and the intracorporate conspiracy doctrine. The Court denies the motion to dismiss the conspiracy charge.

The following opinions of the court are intended to aid counsel in this case. The statute defines as an offense "any conspiracy or agreement to . . . otherwise manipulate . . . any bids . . . for the purpose of allocating sales . . . or excluding other persons from dealing with . . . any governmental unit." Va. Code Ann. § 59.1–68.7. The Court is of the opinion that the statutory language is sufficiently broad to cover the acts that the indictment and the Commonwealth's Bill of Particulars attribute to Defendant.

The Court agrees with Defendant's contention that Defendant could not have conspired with Mack S. Crippen, III, Martena Crippen or any other employees of the Crippen Companies or CCDG, as they were all part of one entity incapable of conspiring with itself under the intracorporate conspiracy doctrine. The Commonwealth's allegations of a promise of a new car to the Defendant would not provide an exception to this rule, since the award of a new car would be merely a form of compensation from her employment and is not a separate personal stake in the conspiracy.

A more difficult question is raised by Defendant's contention that the acquittal by the Court of her alleged co-conspirator, Davis, precludes her prosecution for conspiracy in a subsequent trial. This matter has never been specifically addressed in this jurisdiction, and, as both sides point out, the courts in other jurisdictions are in conflict on this issue.

The general rule regarding the acquittal of co-conspirators in Virginia was stated in *Jones v. Commonwealth*, 72 Va. (31 Gratt.) 836 (1878):

> To constitute a conspiracy, it must be the act of at least two persons, so that generally, if one of them be acquitted, such acquittal takes away the foundation of the guilt of the other, who must be acquitted also.

*Id.* at 851.

The *Jones* Court then states that there are "certain exceptions" to this rule. *Id.* One exception arises in a situation in which the second conviction might be supported by new evidence. *Id.* at 852. The conspiracy charge against Davis was dismissed for a lack of evidence. The Commonwealth at oral argument stated that additional evidence would be presented against Holden that was not used in the Davis trial. *See* transcript of December 4, 1989, hearing at pages 66 and 77. The Court believes that this promise of additional evidence merits a decision to allow the Commonwealth to proceed against Holden on the conspiracy charge.